NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YANETH JULICA RODRIGUEZ-
RODRIGUEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1791

Agency No. A202-064-969

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
Phoenix, Arizona

Before: W. FLETCHER, WALLACH[***], and R. NELSON, Circuit Judges.

Yaneth Julica Rodriguez-Rodriguez ("Petitioner"), a native and citizen of

Mexico, petitions for review of an order of the Board of Immigration Appeals

("BIA") summarily affirming the Immigration Judge's ("IJ") denial of her

application for cancellation of removal. "When the BIA summarily affirms the IJ's

decision, we review the IJ's decision as the final agency action." *Zehatye v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).
[***] The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

*Gonzales*, 453 F.3d 1182, 1184 (9th Cir. 2006). For the reasons that follow, we deny the petition.

The IJ found that Petitioner failed to establish that her removal would result in "exceptional and extremely unusual hardship" to her two children as required by 8 U.S.C. § 1229b(b)(1)(D). Petitioner first argues that the IJ committed legal error by failing to fully consider her circumstances as a single mother and sole economic provider, citing to the multi-factor test established by the BIA in *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56 (BIA 2001). In evaluating the requisite hardship under this standard, an IJ has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024). The IJ took Petitioner's economic circumstances into account, noting that a lower standard of living was a relevant, but ultimately insufficient factor in upholding a finding of exceptional and extremely unusual hardship.

Petitioner next argues that the BIA erred in determining that she did not show the requisite hardship to her two children. "Because this mixed question is primarily factual, [our] review is deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). The IJ reasonably concluded that the potential economic and emotional harm to Petitioner's children did not meet this "very demanding" standard. *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010). The IJ found that

Petitioner's children did not have educational or medical problems, and that there was "no evidence . . . to establish that [Petitioner] cannot secure employment in Mexico and continue to provide for her children." Under *Wilkinson*'s deferential standard of review, we cannot find that the IJ erred in determining that the hardship to Petitioner's children was not "substantially beyond that which ordinarily would be expected to result" from an order of removal. *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003).

Finally, Petitioner argues that the BIA erred in issuing a summary affirmance of the IJ's decision without an opinion, otherwise known as "streamlining." *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir. 2003); 8 C.F.R. § 1003.1(e)(4). Because we conclude that the IJ did not err in her denial of Petitioner's application for cancellation of removal, the BIA similarly did not err in affirming that decision without opinion.

**PETITION DENIED.**